IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LORIE J. MARSHALL, and** | ) | |
| **DEBRA RAMIREZ, , individually, and** | ) | |
| **on Behalf of Others Similarly** | ) | |
| **Situated,** | ) | |
| | ) | |
| Plaintiffs, | ) | Civil No. **08-591-MJR** |
| | ) | |
| v. | ) | |
| | ) | |
| **H & R BLOCK TAX SERVICES, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

**PROUD, Magistrate Judge:**

Before the Court is Plaintiffs' Motion for Leave to File Under Seal Certain Documents

and Information Designated by Defendant as "Confidential."  **(Doc. 44)**.

This putative class action was removed from state court on August 18, 2008.  On

November 3, 2009, Judge Reagan entered an order which provided, in part, "the Court declines

to honor any substantive state court ruling, including rulings on class certification which should

now be properly filed under Federal Rule of Civil Procedure 23."  Plaintiffs were ordered to file

their motion for class certification by December 3, 2009.  **See, Doc. 41**.  On December 3, 2009,

plaintiffs filed their motion for class certification as well as the instant motion to seal.

Plaintiffs indicate that, on October 18, 2002, the state court entered an agreed protective

order, a copy of which is attached to **Doc. 44**.  Plaintiffs state that they are unsure whether the

state court protective order was vitiated by Judge Reagan's order of November 3, 2009.

Plaintiff's motion for class certification and memorandum in support reference and quote a

1

number of documents which were designated as "confidential" by defendants pursuant to the

state court protective order.  In order to avoid running afoul of the protective order, they have

filed redacted versions of their memorandum in support of their motion for class certification,

and of most of the exhibits in support thereof.  **See, Doc. 46.**

Neither party moved for a protective order in this Court.  It is unfortunate that neither

party informed this Court of the existence of the state court protective order before this stage of

the proceedings.  After removal, federal procedure applies to the case.  ***Willy v. Coastal***

***Corporation*, 112 S. Ct. 1076, 1079 (1992)**; **Fed.R.Civ.P. 81(c)**.  The protective order that was

entered in state court is far broader than what would be acceptable under applicable the Federal

Rule of Civil Procedure and Seventh Circuit precedents.  **See, Federal Rule of Civil Procedure**

**26(c),** ***Citizens First National Bank of Princeton v. Cincinnati Insurance Co.*, 178 F.3d 943**

**(7th Cir. 1999), and** ***Union Oil Company of California v. Leavell*, 220 F.3d 562 (7th Cir. 2000).**

This case is now beyond the discovery stage.  Plaintiffs are in the position of asking the

Court to certify a class based in part on information which has not been made part of the public

record.  This Court cannot approve of such a procedure.  "Information that affects the disposition

of litigation belongs in the public record unless a statute or privilege justifies nondisclosure. . .

.[Documents] that influence or underpin the judicial decision are open to public inspection unless

they meet the definition of trade secrets or other categories of bona fide long-term

confidentiality"  ***U.S. v. Foster*, 564 F.3d 852, 853 (7th Cir. 2009)**.

The Court notes that plaintiffs have submitted unredacted copies of the documents to

chambers.  As is noted above, no one has moved for a protective order, or attempted to make the

showing of good cause required to seal any portion of the record.  ***Citizens First National Bank***

*of Princeton v. Cincinnati Insurance Co.*, **178 F.3d 943, 944 (7th Cir. 1999)**.  This Court

presently has no basis on which to order any of the documents sealed.

For the foregoing reasons, Plaintiffs' Motion for Leave to File Under Seal Certain

Documents and Information Designated by Defendant as "Confidential" **(Doc. 44)** is **DENIED**.

The agreed protective order entered by the state court on October 18, 2002, is vacated.

**IT IS SO ORDERED.**

**DATE:  December 7, 2009.**


<u>s/ Clifford J. Proud</u>
**CLIFFORD J. PROUD**
**UNITED STATES MAGISTRATE JUDGE**