IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LORIE J. MARSHALL and DEBRA RAMIREZ, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>H&R BLOCK TAX SERVICES INC.,<br><br>    Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 08-CV-0591-MJR<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

### I. Introduction

On August 18, 2008, Defendant H&R Block Tax Services, Inc. ("Block") removed this action from State court to federal district court under the under the Class Action Fairness Act of 2005, 28 U.S.C. § 1332(d). This putative class action arises from Block's sale of the "Peace of Mind" ("POM") guarantee, which is an extended-warranty product by which consumers are paid additional taxes owed as a result of a tax-preparation error.

Plaintiffs have filed a motion to strike affidavits and exhibits which they contend are untimely and filed in violation of Local Rules 7.1(c) and (g). The motion is fully briefed and ready for disposition.

### II. Analysis

Plaintiffs do not recite under what Federal Rule their motion is filed. Motions

1

to strike are governed by **FED. R. CIV. P. 12(f)**, which states that "the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike are strongly disfavored and are rarely granted. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, **883 F.2d 1286, 1294 (7th Cir. 1989);** *see also Western Publ'g Co. v. MindGames, Inc.*, **944 F.Supp. 754, 755 n. 1 (E.D.Wis. 1996) ("Motions to strike are generally disfavored and information . . . will not be stricken unless it is evident that it has no bearing upon the subject matter of the litigation.")**.

A review of Plaintiffs' motion and the exhibits that Plaintiffs seek to strike leads the Court to conclude that this is not the rare case where a motion to strike should be granted. As stated above, Rule 12(f) provides that "the court may order stricken *from any pleading* any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." **Fed.R.Civ.P. 12(f) (emphasis added)**.[1] Consequently, motions to strike pursuant to Rule 12(f) are appropriate only to strike matters contained in the pleadings. The document at issue, Block's Findings of Fact and Conclusions of Law, is not considered to be a pleading, so a motion under 12(f) is not a proper proceeding. Furthermore, motions to strike are not authorized or proper to strike all or part of an affidavit. **See, e.g.,** *E.E.O.C. v. Admiral Maintenance Service, L.P.*, **174 F.R.D. 643, 646 (N.D.Ill. 1997) (collecting cases)**.

---

[1] Federal Rule of Civil Procedure 7(a) defines pleadings as a complaint, an answer, an answer to a counterclaim, an answer to a crossclaim, a third-party complaint, an answer to a third-party complaint, and, if the court orders one, a reply to an answer. **Fed. R. Civ. P. 7(a).**

In *Custom Vehicles, Inc. v. Forest River, Inc.,* **464 F.3d 725 (7th Cir. 2006)**, the Seventh Circuit, under the aegis of Chief Judge Easterbrook, criticized filing motions to strike portions of briefs on appeal. Judge Easterbrook observed that motions to strike portions of briefs essentially call upon the court to engage in the time-consuming task of redacting the opposing party's brief by reading a separate series of briefs on the issue and then removing those portions of the challenged brief that are not properly supported in the record. *Custom Vehicles,* **464 F.3d at 726**. He suggested that if a brief contained a material misrepresentation, opposing counsel could move for leave to file a supplemental statement. *Id.* This is a familiar theme with Judge Easterbrook, as he also noted in *Redwood v. Dobson* **476 F.3d 462 (7th Cir. 2007)**, "Motions to strike disserve the interest of judicial economy. The aggravation comes at an unacceptable cost in judicial time." **476 F.3d at 471**.

The Chief Judge's observations are equally applicable to the motion to strike filed in this case. The motion does not serve to refine issues and aid in a more expeditious resolution of this matter; rather, the motion has generated another round of briefing that the Court must read and address before it can reach the merits of Plaintiffs' motion for class certification.

Stated simply, no piecemeal and time-consuming editing is needed. The Court is well able to distinguish and disregard any exhibits and affidavits that are inadmissible for purposes of determining class certification issues or are otherwise improper.

### III.     Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiffs' motion to strike (Doc. 101).

**IT IS SO ORDERED.**

**DATED this 4th day of August, 2010**

<u>s/Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**
